UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-cv-298-RJC

| | |
|---|---|
| JOHN LEWIS WRAY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>R. DAVID MITCHELL, et al., )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e).[1] Also pending are Plaintiff's First Motion to Review Case, (Doc. No. 14), and Second Motion to Review Case, (Doc. No. 15).

While Plaintiff labels his Complaint as a civil rights action filed under 42 U.S.C. § 1983, a careful reading of the Complaint along with Plaintiff's seven addenda and two affidavits reveals that Plaintiff is challenging the manner in which his conviction was secured and the fact of his incarceration. Indeed, the bulk of the exhibits annexed to the Complaint are copies of documents underlying the criminal conviction in state court. See (Doc. Nos. 1-1 through 1-3). The documents proffered by Plaintiff in support of his contention that he has exhausted his administrative remedies as to his civil rights claims make clear that Plaintiff's internal grievance concerned the fact of his confinement:

> Inmate John Wray filed this grievance on January 8, 2009 . . . complaining about being held against his will.... Staff indicated that inmate Wray was not being illegally held and the appropriate documentation for his commitment had been

---

[1] The Court notes that while Plaintiff was allowed to proceed pro se by the Clerk of this Court on January 6, 2011, (Doc. No. 2), a Section 1915(e) review was not conducted at that time.

-1-

provided.

(Doc. No. 1-4 at 6).

Thus, reading the Complaint and all the pleadings in a light most favorable to Plaintiff, it appears that Plaintiff is contending that he is being illegally detained by the State of North Carolina, a claim actionable under 28 U.S.C. § 2254. However, before the Court may re-characterize Plaintiff's complaint as a petition for habeas corpus, it must notify Plaintiff of the difficulties he will face if he wishes to later file another habeas petition and give him an opportunity to contest the re-characterization or withdraw his complaint. Castro v. United States, 540 U.S. 375, 382 (2003); Rivenbank v. Virginia, No. 08-1395, 2008 WL 5424074, at *1 n.* (4th Cir. Dec. 30, 2008).

28 U.S.C. § 2244 requires courts to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." Further:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Id. Thus, it will be significantly more difficult for Plaintiff to file another 2254 petition if the

Court construes his complaint as a habeas petition. Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint or to inform the Court that he would like to dismiss this suit. Should Plaintiff fail to respond to this Order, the Court will re-characterize his complaint as a 2254 petition and proceed to preliminary review under Rule 4 of the Rules Governing § 2254 Cases. See 28 U.S.C.A. foll. § 2254.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's First Motion to Review Case, (Doc. No. 14), is **GRANTED**;

2. Plaintiff's Second Motion to Review Case, (Doc. No. 15), is **GRANTED**; and

3. Plaintiff has fourteen (14) days from the date of this Order to contest re-characterization of his complaint as a 2254 petition or to inform the Court that he would like to dismiss this suit.

Signed: February 9, 2012

Robert J. Conrad, Jr.
Chief United States District Judge