**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:10-cv-298-RJC**

| | | |
|---|---|---|
| **JOHN LEWIS WRAY, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **R. DAVID MITCHELL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of the Complaint in accordance with 28 U.S.C. § 1915(e).

The Court first observes that, while Plaintiff labels his Complaint as a civil rights action filed under 42 U.S.C. § 1983, a careful reading of the Complaint along with Plaintiff's seven addenda and two affidavits reveals that Plaintiff is challenging the manner in which his conviction was secured and the fact of his then-continuing incarceration. Indeed, the bulk of the exhibits annexed to the Complaint are copies of documents underlying the criminal conviction in state court. See (Doc. Nos. 1-1 through 1-3). The documents proffered by Plaintiff in support of his contention that he has exhausted his administrative remedies as to his civil rights claims make clear that Plaintiff's internal grievance concerned the fact of his confinement:

> Inmate John Wray filed this grievance on January 8, 2009 . . . complaining about being held against his will.... Staff indicated that inmate Wray was not being illegally held and the appropriate documentation for his commitment had been provided.

(Doc. No. 1-4 at 6).

Thus, reading the Complaint and all the pleadings in a light most favorable to Plaintiff, it

appears that Plaintiff is contending that he is being illegally detained by the State of North Carolina,[1] a claim actionable under 28 U.S.C. § 2254. On February 9, 2012, the Court issued Plaintiff a Castro warning. See (Doc. No. 20). The Court notified Plaintiff of the difficulties he would face in bringing a later habeas petition and gave him fourteen days to contest the re-characterization of his complaint or to withdraw his complaint. (Id.). Plaintiff has failed to respond. The Court will now deem Plaintiff's complaint a petition for a writ of habeas corpus under section 2254.

Review of the pleadings reveals that Plaintiff is no longer in state custody and, therefore, there is no longer a case or controversy justiciable under § 2254. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." Hensley v. Mun. Court, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated when he files the petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992). This remains true even if a defendant is released from prison during the pendency of the habeas corpus petition. Bryson, 981 F.2d at 726.

A petitioner must, however, also show that, despite his subsequent release, he can still meet the "case or controversy requirement under Article III, § 2, of the Constitution." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (where the petitioner failed to show an injury-in-fact in a challenge to a parole revocation, where the petitioner had been released from prison after filing the habeas corpus petition). "Once the convict's sentence has expired . . . some concrete and continuing injury other

[1] To the extent that Plaintiff may have alleged claims based on conditions of such confinement, review of the grievance and its disposition reveals that complaints as to the conditions of his confinement have not been exhausted. Furthermore, Section 1983 cannot be used as a method to collaterally challenge a state court conviction. Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Id. at 7 (citations omitted).

Subsequent to his release, Plaintiff has filed four pleadings with the Court. (Doc. Nos. 16-18). While Plaintiff alleges that judges, prosecutors, jailers, and public defenders all conspired to cause his unlawful incarceration, Plaintiff does not allege any ongoing, collateral consequence of the conviction. "We adhere to the principles announced in Lane[ v. Williams, 455 U.S. 624 (1982)], and decline to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement [exist]." Spencer, 523 U.S. at 14. As such, no case or controversy exists and this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's habeas petition, (Doc. No. 1), is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge