# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10-cv-298-RJC

| | |
|---|---|
| **JOHN LEWIS WRAY, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| | ) |
| **R. DAVID MITCHELL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Case to be Heard," (Doc. No. 23); Plaintiff's Motion for Reconsideration, (Doc. No. 24); and Plaintiff's Motion for Ad Testificandum. (Doc. No. 25).

On February 28, 2012, the Court entered an Order dismissing Plaintiff's Complaint under 42 U.S.C. § 1983, after finding that Plaintiff's action sounded in habeas relief. (Doc. No. 21). Plaintiff did not file an appeal from the Court's Order or the Judgment entered by the Clerk of Court. (Doc. No. 22). Instead, nearly four months later Plaintiff filed his "Motion for Case to Heard." In his motion, Plaintiff moves the Court to bring his claim under Section 1983 before the Court because Plaintiff "is being illegally detained by the State of North Carolina, a claim actionable under 28 U.S.C. § 2254." (Doc. No. 23 at 1). As the Court explained in its Order dismissing Plaintiff's case, his action is not cognizable under Section 1983. (Doc. No. 21). As there is no pending action in which to bring such a motion to revive his complaint this motion will be denied as moot.

Plaintiff also filed a Motion for Reconsideration. Pursuant to Fed. R. Civ. P. 59(e), a

"motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Judgment was entered on February 28, 2012, and Plaintiff's Motion to Reconsider was filed at the earliest on July 5, 2012. Plaintiff explains that he did not receive the Court's Order until four (4) months after the Order was entered. (Doc. No. 24). The Court finds that Plaintiff's motion is untimely under Rule 59(e). Plaintiff clearly knew where he was receiving his mail and Plaintiff has an obligation to ensure that the documents which are sent to him are being mailed to his correct address. Plaintiff's Motion to Reconsider will therefore be denied under Rule 59(e) as untimely, however, the Court will also analyze Plaintiff's motion under Fed. R. Civ. P. 60(b).

Rule 60(b) provides that on "motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:

(1) mistake, in advertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In his motion, Plaintiff brings forth the same arguments which this Court has already

rejected in its Order of dismissal. Plaintiff concedes that his action which he claims arises Section 1983 is actually an action alleging illegal detention by the State of North Carolina, "a claim actionable under 28 U.S.C. § 2254." (Doc No. 23 at 1). This is, of course, the very conclusion the Court reached in the Order of dismissal. Plaintiff articulates no just reason for relief under Rule 60(b) and his motion will therefore be denied.

Finally, Plaintiff moves the Court for Order which would require the North Carolina Department of Public Safety to deliver him to the Court for his trial. There is no trial as Plaintiff has no Complaint pending before the Court because his Complaint has already been dismissed by Order filed February 28, 2012. This motion should be denied as moot. (Doc. No. 21).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for his Case to be Heard, (Doc. No. 23), is **DENIED**;
2. Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. No. 24);
3. Plaintiff's Motion for Ad Testificandum, (Doc. No. 25), is **DENIED**; and
4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: August 6, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge